IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**VICKI SCHISLER**                                                                 **PLAINTIFF**

**V.**                              **No. 3:22-CV-00205-ERE**

**KILOLO KIJAKAZI, Acting
Commissioner of Social Security**                                          **DEFENDANT**

## ORDER[1]

Plaintiff Vicki Schisler appeals the Social Security Administration Commissioner's final decision denying her application for disability benefits. For reasons set out below, the Commissioner's decision is AFFIRMED.

## I.   Background

In 2015, Ms. Schisler protectively filed an application for benefits due to depression. *Tr. 125, 339.*

Ms. Schisler's claim was denied initially and upon reconsideration. At Ms. Schisler's request, an Administrative Law Judge ("ALJ") held a hearing on September 20, 2016, where Ms. Schisler appeared with her lawyer, and the ALJ heard testimony from Ms. Schisler and a vocational expert ("VE"). *Tr. 64-84.* The ALJ issued a decision on November 15, 2016, finding that Ms. Schisler was disabled. *Tr. 121-129.*

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

1

However, the resolution of Ms. Schisler's claim was short-lived. The Appeals Council reviewed the ALJ's decision and remanded the case for further consideration. *Tr. 130-137*. On remand, the ALJ issued an unfavorable decision, which Ms. Schisler successfully appealed in federal court. *Tr. 960-979*. See *Schisler v. Saul*, No. 3:19-cv-00028-BD (E.D. Ark.). On remand, the ALJ again issued an unfavorable decision. *Tr. 995-1009*. Again, the Appeals Council remanded the decision to the ALJ for review, specifically directing the ALJ to further consider the limiting effects of Ms. Schisler's migraine headaches and to re-evaluate the medical opinion evidence. *Tr. 860, 1021-23*.

The ALJ held a fourth hearing, via telephone, on August 2, 2021, where Ms. Schisler, again appeared with her lawyer, and the ALJ heard testimony from Ms. Schisler and a VE. *Tr. 918-948*. The ALJ issued a decision on August 27, 2018, finding that Ms. Schisler was not disabled. *Tr. 9-35*. The Appeals Council denied Ms. Schisler's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-8*.

Ms. Schisler, who was fifty-five years old at the time of the final hearing, graduated high school and has past relevant work experience as a receptionist, secretary, and registration clerk. *Tr. 923-924, 944*.

## II.  The ALJ's Decision[2]

The ALJ found that Ms. Schisler had not engaged in substantial gainful activity since February 20, 2016, the amended alleged onset date, through her date last insured of December 31, 2019. *Tr. 863*. The ALJ concluded that Ms. Schisler had the following severe impairments: chronic obstructive pulmonary disease ("COPD"); adjustment disorder with mixed anxiety and depression; migraine headaches; sleep apnea; and right knee degenerative joint disease. *Id.* However, the ALJ found that Ms. Schisler did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

According to the ALJ, Ms. Schisler had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only frequent climbing of ramps and stairs; (2) no climbing ladders, ropes, or scaffolds; (3) only frequent stooping, kneeling, crouching, and crawling; (4) no concentrated exposure to extreme temperatures (both hot and cold), irritants (such as fumes, odors, dust, gases), poorly ventilated areas, bright lights, and very loud noises (defined as rock concerts, jack hammering, and chainsawing-type noise); (5) only simple work-

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

related decisions; (6) can maintain concentration, persistence, and pace for only simple tasks; (7) can understand, carry out, and remember work instructions and procedures; (8) can adapt to changes in the work setting that are simple, predictable, and can be easily explained; and (9) only occasional interaction with co-workers, supervisors, and the public. *Tr. 865*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Ms. Schisler could perform, including price marker and small products assembler. *Tr. 945*. Accordingly, the ALJ determined that Ms. Schisler was not disabled.

### III. Discussion

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also

evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B.    Ms. Schisler's Arguments for Reversal.**

Ms. Schisler contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in: (1) failing to consider the effects of her headaches; and (2) assessing the medical opinions of Dr. Schofield and Dr. Hester. *Doc. 11 at 36, 40.* After carefully reviewing and considering the record as a whole, the Court affirms the Commissioner's decision.

**C.    Analysis**

**1.    The ALJ Adequately Considered Ms. Schisler's Headaches.**

Ms. Schisler asserts that "[t]he medical evidence shows the ongoing struggle [she] has had in dealing with debilitating migraine headaches without success." *Id. at 37.*

The ALJ noted that Ms. Schisler "began treatment with a neurologist on March 20, 2014, to address a history of headaches, which she reports began when she was a teenager and have worsened over the years." *Tr. 866.* A July 22, 2015 brain MRI revealed "minimal periventricular and deep white matter changes suggesting mild small vessel ischemic disease with no acute intracranial

5

hemorrhage or infarct." *Id.* The ALJ recognized that Ms. Schisler reported migraines and milder headaches, but "treatment notes state that [her] headaches continue to be controlled and stress is . . . the biggest contributor to the minor more frequent headaches." *Tr. 867*. This finding is consistent with the record. Specifically, Ms. Schisler's neurologist wrote in an April 3, 2017 clinical note that the "headaches continue to be controlled. Stress continues to be her biggest contributor to the minor, more frequent, headaches." *Tr. 787*. Additionally, Ms. Schisler repeatedly described her headache medications as useful and effective. *Tr. 785, 1343, 1347, 1358*. As the ALJ properly pointed out, Ms. Schisler reported in June and December 2019 that her medications reduced her headaches to only two to four a month. *Tr. 1338, 1343*. "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009) (quotations omitted).

Ms. Schisler also argues that the ALJ's RFC failed to consider her absenteeism (due to headaches). *Doc. 11 at 39*. The ALJ asked the VE about absenteeism, and the VE testified that missing two or more days a month would eliminate the jobs he listed. *Tr. 945-946*. Evidently, the ALJ did not believe that Ms. Schisler would miss two days a month due to her migraines, since he found that there were jobs she could perform. Additionally, this finding is supported by the fact that Ms. Schisler's medications effectively treat her headaches.

6

Ms. Schisler bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of [her] limitations." *Id*. The ALJ determined that Ms. Schisler would not miss multiple days of work in a month, and the record of her medications being useful and effective supports this finding.

Finally, Ms. Schisler contends that the RFC's "meager limitations" are insufficient to account for the severity of her migraines. *Doc. 11 at 39-40*. However, Ms. Schisler makes this conclusory statement, but fails to offer any explanation of what else was needed. Accordingly, Ms. Schisler's arguments are not persuasive.

> **2.  The ALJ Properly Assessed the Medical Opinions of Dr. Schofield and Dr. Hester.**
>
> **a. The ALJ Adequately Analyzed Dr. Schofield's Opinion.**

Ms. Schisler argues that the ALJ erred in his assessment of Dr. Michelle Schofield's 2016 medical source statement. *Doc. 11 at 40*. In that statement, Dr. Schofield, Ms. Schisler's treating psychiatrist, checked "extreme" limitations in every category, but provided scant explanation for the findings. *Tr. 768-769*. The ALJ properly noted that "Dr. Schofield found the claimant had extreme limitations,

defined as no useful ability to function, in ALL work-related areas. Such extreme limitations would likely require hospitalization, or require some type of homecare attendant since the assessment indicates extreme limitation with ability to sustain an ordinary routine without special supervision. . . ." *Tr. 870 (emphasis in original)*. He also pointed out that the limitations were vague, sympathetic, inconsistent with the medical records, including Dr. Schofield's own records, and based on subjective complaints. *Id.*

Notably, Dr. Schofield's opinion was simply a check-box form. A treating physician's "opinion's bare, formulaic conclusion presumptively warranted little evidentiary weight because it was rendered on a check-box and fill-in-the-blank form." *Nolen v. Kijakazi*, 61 F.4th 575 (8th Cir. 2023). In fact, when the treating doctor's opinion is only checked boxes without explanation, "that basis alone" is sufficient to support the ALJ giving the "assessment little weight and relying more heavily on other opinions in the record." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018). The ALJ properly addressed Dr. Schofield's conclusions and explained his reasons for discounting them.

Ms. Schisler argues that "[a] treating physician's opinion is accorded 'special deference' under the Commissioner's regulations and 'normally entitled to great weight.'" *Doc. 11 at 48*. This argument ignores that fact that "[g]ood reasons for assigning lesser weight to the opinion of a treating source exist where the

8

treating physician's opinions are themselves inconsistent or where other medical assessments are supported by better or more thorough medical evidence." *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (citations and quotations omitted). The ALJ provided numerous reasons and citations to support his conclusion and can't be faulted for rejecting Dr. Schofield's check-box form opinion.

### b. The ALJ Adequately Analyzed Dr. Hester's Opinions.

Dr. Samuel Hester, a psychologist, provided mental consultative reports after examining Ms. Schisler on August 18, 2015 and May 11, 2017. *Tr. 559-567, 825-836*. He found that Ms. Schisler: (1) suffered only mild to moderate limitations in functioning; (2) could interact and communicate appropriately with others; and (3) could concentrate on tasks as long as she wasn't experiencing a migraine. *Tr. 565, 830-835*. Ms. Schisler argues that Dr. Hester was not provided sufficient background information about her conditions, suggesting that the ALJ erred by relying on those portions of Dr. Hester's opinion. *Tr. 11 at 46*.

First, this argument simply speculates about the meaning of Dr. Hester's comments that he received "SSA NOTES" when explaining "the medical information sent to [him] by the agency." *Tr. 825*. Second, even assuming that the records provided to Dr. Hester were incomplete, Ms. Schisler has failed to explain how the absence of the records is any more than harmless error. Dr. Hester was

9

aware of Ms. Schisler's history from his 2015 examination. Ms. Schisler does not explain how, allegedly, not reviewing the records from 2016-2017 would prevent him from performing a mental evaluation. Third, the ALJ found that Dr. Hester's findings were "vague" and outside his area of expertise, since he commented on migraines despite being "a psychologist[,] not a medical doctor." *Tr. 870.* Finally, the ALJ gave the opinion only "some weight," limited to the extent that it was consistent with the other medical records that showed "no more than moderate limitation in mental abilities." *Tr. 870.* The record as a whole supports the ALJ's evaluation Dr. Hester's medical opinion.

### IV.   Conclusion

The ALJ applied proper legal standards in evaluating Ms. Schisler's claims, and substantial evidence supports the decision to deny benefits.

Accordingly, Ms. Schisler's appeal is DENIED, and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 22nd day of March 2023.

_____
UNITED STATES MAGISTRATE JUDGE